UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| RAYMOND VELA, ) | |
| ) | |
| Plaintiff, ) | 03:04-CV-0491-LRH (VPC) |
| ) | |
| vs. ) | |
| ) | ORDER |
| NORB MURPHY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Presently before the Court is Defendants' Motion to Dismiss for Insufficiency of Service of Process (#14[1]). Defendants, State Farm Life Insurance Company ("State Farm"), Don Miller, Cristen Garner and Charlene Goforth, seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5), which permits a party to assert the defense of sufficiency of service of process by motion. Plaintiff Raymond Vela has filed an opposition (#21), to which Defendants have replied (#22).

When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected. *See, e.g., Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981).

In this case, Plaintiff attempted to effectuate service by sending a process server to State Farm's offices in Bakersfield, California. The process server delivered the summonses and complaints for each of the defendants to Yolanda Torres, a receptionist holding the position of Communications Operator I. Each of the defendants now argue that service upon Ms. Torres was

---

[1] References to (# XX) refer to the Court's docket.

insufficient to effectuate service on each of them.

  *1.  Defendant State Farm*

  State Farm is an Illinois corporation which does business in both California, where Plaintiff attempted service of process, and Nevada, where the lawsuit is presently pending. As such, Plaintiff was able to effectuate service under Federal Rule of Civil Procedure 4 in three ways: (1) pursuant to the law of the state in which the district court is located (Nevada); (2) pursuant to the law of the state in which service is effected (California); or (3) by serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1).

  Ms. Torres' uncontested affidavit demonstrates that she is not an officer or agent of State Farm and that she has not been authorized by appointment or by law to receive service or process. Thus, for service to be proper, Plaintiff must have effectuated service pursuant to the laws of California or Nevada. The Court has reviewed the laws for service of a corporation in both California[2] and Nevada[3] and notes that Plaintiff has not complied with either. Ms. Torres is not a corporate officer or agent, nor has she been authorized to receive service on behalf of State Farm. Finally, Plaintiff has provided no evidence, or argument, that he also sent, by certified mail, a copy of the complaint and summons to State Farm after attempted service through Ms.

---

  [2] California Code of Civil Procedure § 416.10 provides that a summons may be served on a corporation by delivering a copy of the summons and of the complaint to either (1) a person designated as required by California law as an agent for service of process, or (2) to the president, vice president, secretary, assistant secretary, treasurer, assistant treasurer, general manager or other person authorized by the corporation to receive service of process. Cal. Civ. Proc. Code § 416.10(a), (b) (West 2004).

  [3] Nevada Rule of Civil Procedure 4(d) provides for service of a foreign corporation "doing business and having a managing or business agent, cashier, or secretary within [the] state" by serving such agent, cashier, secretary or any other agent designated for service of process as required by law. Nev. R. Civ. P. 4(d)(2). Should no such agent be available, one may serve the secretary of state or the deputy secretary of state. *Id.*

Torres[4]. Plaintiff has complied with no applicable provisions of either state's law to allow for service on Ms. Torres to effectuate service on State Farm. Accordingly, service of process upon Ms. Torres was legally insufficient to effectuate service upon State Farm under the applicable laws of the federal and state courts.

   *2. Defendants Miller, Garner and Goforth*

  As with service of State Farm, Plaintiff was given three options for service of the individual defendants in this matter: (1) pursuant to Nevada law[5]; (2) pursuant to California law[6]; and (3) pursuant to Federal Rule of Civil Procedure 4(e)(2)[7]. It is uncontested that Plaintiff did not serve any of the individual defendants personally, nor was service effectuated by leaving copies at the individual defendants dwelling places or usual places of abode. As above, it is uncontested that Ms. Torres was not an agent authorized to accept service either by law or by appointment. Finally, there is no evidence that copies of the complaint and summons were

---

[4] California Code of Civil Procedure § 415.20(a) provides for service of a corporation, in lieu of the requirements of § 416.10, by leaving a copy of the summons and complaint in the corporation's office during usual office hours, with the person who is apparently in charge of the office, and then mailing, via first class mail, a copy of such documents to the person to be served at the place where the summons and complaint were left. While there may be a dispute as to whether Ms. Torres was a person "apparently in charge" of the office, there is no evidence that a copy of the complaint and summons was mailed to the corporation at the State Farm office address.

[5] Nevada Rule of Civil Procedure 4(d)(6) provides that service upon individuals can be effectuated by serving the individual personally, "or by leaving copies . . . at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."

[6] California Code of Civil Procedure § 416.90 allows for service upon individuals "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process."

[7] Federal Rule of Civil Procedure 4(e)(2) provides for service "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

mailed to the individual defendants at the State Farm office address after service was attempted upon Ms. Torres.[8] As such, service of process upon Ms. Torres was legally insufficient to effectuate service upon the individual defendants under the applicable laws of the federal and state courts.

        3.     *Request to Dismiss With Prejudice*

All defendants have requested to dismiss the present matter with prejudice based on a previous order of this Court directing that no further extensions would be granted to allow for service. "Courts have regularly held, however, that instead of dismissing the entire action for insufficient service, service should simply be quashed, allowing the plaintiff to serve properly." *Teknekron Management, Inc. v. Quante Fernmeldetechnik*, 115 F.R.D. 175, 177 (D.Nev.1987).[9] Consequently, inasmuch as the pending motion to dismiss can be construed by this Court as a motion to quash attempted service of process, the motion shall be granted. The Court notes that the previous order was entered after Plaintiff failed to even attempt service for several months. In the present situation, Plaintiff has attempted service, although not particularly diligently, but has simply failed to properly effectuate it. As such, the Court's order precluding further extensions does not bar granting Plaintiff one last chance to serve the complaint properly, as he

---

[8] California Code of Civil Procedure § 415.20(b) provides for service of an individual, in lieu of the requirements of § 416.90, by leaving a copy of the summons and complaint at the individual's usual place of business, with a person apparently in charge of the office or place of business, and thereafter mailing a copy of the summons and complaint to the individual at the place of business. However, to allow for such service, Plaintiff must demonstrate that "the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served." Cal. Civ. Proc. Code § 415.20(b) (West 2004). Such a showing has not been made, further precluding any argument of effective service under California law.

[9] *See also Stern v. Beer*, 200 F.2d 794, 795 (6th Cir.1952) (holding that "if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later"); *Vorhees v. Fischer & Krecke*, 697 F.2d 574 (4th Cir.1983) (plaintiff should be given reasonable opportunity to effect valid service on defendant in compliance with Hague Convention); *Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D.N.Y. 1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service"); and *Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 65 (5th Cir.1981).

1 attempted to complete service.

2     Therefore, Plaintiff will be given thirty (30) days from the entry of this order to properly
3 serve each of the defendants in this matter.  Failure to effectuate proper service may result in
4 dismissal.

5     IT IS HEREBY ORDERED.

6     DATED this 30th day of December, 2005.

                                    LARRY R. HICKS
                                    United States District Judge